**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAYER HEALTHCARE PHARMACEUTICALS INC.; BAYER PHARMA AKTIENGESELLSCHAFT; and BAYER AKTIENGESELLSCHAFT, <br><br> Plaintiffs, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC., <br><br> Defendants. | Civil Action No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT AND FOR DECLARATORY JUDGMENT OF PATENT INFRINGEMENT**

Plaintiffs Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma Aktiengesellschaft ("Bayer Pharma AG"), and Bayer Aktiengesellschaft ("Bayer AG") (collectively, "Bayer" or "Plaintiffs"), for their Complaint against Defendants Dr. Reddy's Laboratories, Ltd. ("DRL Ltd.") and Dr. Reddy's Laboratories, Inc. ("DRL Inc.") (collectively, "DRL" or "Defendants"), hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement and for a declaratory judgment of patent infringement of United States Patent No. RE49,826 (the "RE'826 Patent"). This action arises out of DRL filing or causing to be filed Abbreviated New Drug Application No. 220694 ("DRL's ANDA") with the United States Food and Drug Administration ("FDA") for approval to market a generic version of Bayer's KERENDIA®, (finerenone) drug product. Through DRL's ANDA, DRL seeks approval to market a generic version of the pharmaceutical product KERENDIA®

–1–

before the expiration of the RE'826 Patent. This action also arises out of DRL's current and/or imminent manufacture, use, sale, offer to sell within the United Sates, and/or importation to the United States of DRL's generic version of the pharmaceutical product KERENDIA®. A true and correct copy of the RE'826 Patent is attached as Exhibit A. Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, costs and expenses, and any other relief the Court deems just and proper.

## THE PARTIES

2.     Plaintiff Bayer HealthCare Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 100 Bayer Blvd., Whippany, NJ 07981.

3.     Plaintiff Bayer Pharma AG is a corporation organized and existing under the laws of Germany and has a principal place of business at Müllerstrasse 178, 13353 Berlin, Germany.

4.     Plaintiff Bayer AG is a corporation organized and existing under the laws of Germany and has a principal place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany. Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG are wholly owned subsidiaries of Bayer AG.

5.     Bayer is a pioneering pharmaceutical company that aims to develop therapies and treatments that can help prevent, treat, or potentially cure diseases. Bayer is committed to the discovery and development of new therapies that improve the health of millions of patients around the world. Guided by science and Bayer's commitment to patients, Bayer strives to address the individual needs of patients in order to achieve improved and sustainable health for all. By unlocking previously undruggable targets and applying breakthrough technologies, Bayer is

challenging the limitations of medical treatment. Through this approach, Bayer has become a global leader in treating and preventing cardiovascular disease.

6.      On information and belief, Defendant DRL Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500034, India.

7.      On information and belief, Defendant DRL Ltd., directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, imports, offers for sale, and/or sells generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

8.      DRL Ltd.'s Integrated Annual Report for 2024-25 states that its United States "revenues (excluding other operating income) … based on the location of the customers" for the year ended March 31, 2025 was 149,351 million Indian Rupees (approximately 1.68 billion U.S. dollars as of September 30, 2025), approximately 45.9% of its total global revenues. DRL Ltd. Integrated Annual Report 2024-25, p. 206 (Exhibit B); *see also* DRL Ltd. Form 20-F for 2025, p. 121 (Exhibit C).

9.      On information and belief, Defendant DRL Inc. is a corporation organized and existing under the laws of the State of New Jersey and has a principal place of business in New Jersey at 107 College Road East, Princeton, New Jersey, 08540. *See Impax Lab'ys, LLC v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:24-cv-07875 (D.N.J.), ECF No. 9 at ¶ 3; *see also* Exhibit C, p. 27.

10.     On information and belief, DRL Inc. is a wholly-owned subsidiary of DRL Ltd.

11.     On information and belief, DRL Inc. is registered with New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100518911.

12.     On information and belief, DRL Inc. is registered with New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5002312.

13.     On information and belief, DRL Inc. develops, manufactures, markets, distributes, imports, offers for sale, and/or sells, generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

14.     On information and belief, DRL Ltd., in collaboration with DRL Inc. prepared and submitted DRL's ANDA and the two DRL entities continue to collaborate in seeking FDA approval of that application.

15.     On information and belief, DRL Ltd., in collaboration with DRL Inc. intends to commercially manufacture, market, offer for sale, and sell the product described in DRL's ANDA ("DRL's ANDA Product") throughout the United States, including in the State of New Jersey, in the event the FDA approves DRL's ANDA.

## JURISDICTION AND VENUE

16.     This is a civil action for patent infringement and declaratory judgment of infringement of U.S. Patent No. RE49,826. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

17.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201-02, and 35 U.S.C. § 271.

18.     Venue is proper in this Court as to DRL Ltd. under 28 U.S.C. § 1391(c)(3) because DRL Ltd. is a foreign corporation and may be sued in any judicial district in the United States where DRL Ltd. is subject to the court's personal jurisdiction. For reasons set forth below, DRL Ltd. is subject to personal jurisdiction in this district.

19.     In addition, this Court has personal jurisdiction over DRL Ltd., and venue is proper as to DRL Ltd., at least because, upon information and belief, DRL Ltd.: (1) directs and/or controls DRL Inc., which is incorporated in New Jersey; (2) has purposely availed itself of the privilege of doing business in New Jersey, directly or indirectly through its subsidiaries, agents, and/or alter egos; (3) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey; (4) derives substantial revenue from the sale of its products in New Jersey; and (5) intends to, directly or indirectly through its subsidiaries, agents, and/or alter egos, market, sell, or distribute DRL's ANDA Product for which it seeks approval under DRL's ANDA, including throughout New Jersey.

20.     This Court has personal jurisdiction over DRL Ltd. for at least the additional reason that it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Impax Lab'ys, LLC v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:24-cv-07875 (D.N.J.); *In Re Selenious Acid Litig.*, No. 2:24-cv-07791 (D.N.J.); *Vifor (Int'l) AG v. Dr. Reddy's Lab'ys, Ltd.*, No. 3:24-cv-06833 (D.N.J.); *Eisai R&D Mgmt. Co., Ltd. v. Dr. Reddy's Lab'ys, Inc.*, No. 24-cv-06765 (D.N.J.); *Esperion Therapeutics, Inc. v. Dr. Reddy's Lab'ys Inc.*, No. 2:24-cv-06391 (D.N.J); *Novo Nordisk Inc. v. Dr. Reddy's Lab'ys, Ltd.*, No. 1:23-cv-22112 (D.N.J.); *Celgene Corp. v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:21-cv-02111 (D.N.J.); *Mitsubishi Tanabe Pharma Corp. v. Dr. Reddy's Lab'ys, Inc.*, No. 3:19-cv-18764 (D.N.J.); *AstraZeneca LP v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:19-cv-15739 (D.N.J.).

21.     DRL Ltd. has further availed itself of the jurisdiction of New Jersey by initiating litigation in this Judicial District. *See, e.g.*, *Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 1:18-cv-16057 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 3:15-cv-08128 (D.N.J.); *Dr.*

–5–

*Reddy's Lab'ys, Inc. v. Purdue Pharm. Prods. L.P.*, No. 2:14-cv-03230 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Eli Lilly & Co.*, No. 3:09-cv-00192 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Astrazeneca AB*, No. 3:08-cv-02496 (D.N.J.).

22.     Alternatively, this Court may exercise jurisdiction over DRL Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Bayer's claims arise under federal law; (2) DRL Ltd. is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) DRL Ltd. has sufficient contacts with the United States as a whole, including but not limited to preparing and submitting numerous ANDAs to the FDA and manufacturing, importing, offering to sell, or selling generic pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over DRL Ltd. satisfies due process.

23.     Venue is proper in this Court as to DRL Inc. under 28 U.S.C. § 1400(b) at least because DRL Inc. is incorporated in New Jersey. DRL Inc. will also commit acts of infringement giving rise to the claims against it in New Jersey upon approval of DRL's ANDA.

24.     In addition, this Court has personal jurisdiction over DRL Inc., and venue is proper as to DRL Inc. because, on information and belief, DRL Inc.: (1) is a corporation organized and existing under the laws of the State of New Jersey; (2) is qualified to do business in New Jersey; (3) has customers in New Jersey; (4) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in New Jersey; (5) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical products in New Jersey; (6) directly or indirectly maintains pervasive, continuous, and systematic contacts with New Jersey, including through a network of wholesalers and distributors, for the purposes of marketing, distributing, and/or selling generic pharmaceutical products in New Jersey; (7) enjoys substantial income from sales of its generic pharmaceutical

–6–

products in New Jerey; and (8) intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute DRL's ANDA product in New Jersey.

25. This Court has personal jurisdiction over DRL Inc. for at least the additional reason that it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Impax Lab'ys, LLC v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:24-cv-07875 (D.N.J.); *In Re Selenious Acid Litig.*, No. 2:24-cv-07791 (D.N.J.); *Vifor (Int'l) AG v. Dr. Reddy's Lab'ys, Ltd.*, No. 3:24-cv-06833 (D.N.J.); *Eisai R&D Mgmt. Co., Ltd. et al. v. Dr. Reddy's Lab'ys, Inc.*, No. 24-cv-06765 (D.N.J.); *Esperion Therapeutics, Inc. v. Dr. Reddy's Lab'ys Inc.*, No. 2:24-cv-06391 (D.N.J); *Novo Nordisk Inc. v. Dr. Reddy's Lab'ys, Ltd.*, No. 1:23-cv-22112 (D.N.J.); *Celgene Corp. v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:21-cv-02111 (D.N.J.); *Mitsubishi Tanabe Pharma Corp. v. Dr. Reddy's Lab'ys, Inc.*, No. 3:19-cv-18764 (D.N.J.); *AstraZeneca LP v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:19-cv-15739 (D.N.J.).

26. DRL Inc. has further availed itself of the jurisdiction of New Jersey by initiating litigation in this Judicial District. *See, e.g.*, *Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 1:18-cv-16057 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 3:15-cv-08128 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Purdue Pharm. Prods. L.P.*, No. 2:14-cv-03230 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Eli Lilly & Co.*, No. 3:09-cv-00192 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Astrazeneca AB*, No. 3:08-cv-02496 (D.N.J.).

27. On information and belief, DRL Ltd. and DRL Inc. are agents of each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to DRL's ANDA Product.

28. On information and belief, DRL Ltd. and DRL Inc. are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling

pharmaceutical products throughout the United States, and will do the same with respect to DRL's ANDA Product.

29.     On information and belief, DRL Ltd., in collaboration and concert with DRL Inc., filed or caused to be filed DRL's ANDA with the FDA.

30.     On information and belief, DRL Inc. in collaboration and concert with DRL Ltd., maintains distribution channels for the commercial supply of generic drugs, including on information and belief DRL's ANDA Product, throughout the United States, including in New Jersey.

**BAYER'S APPROVED KERENDIA® AND THE RE'826 PATENT**

31.     Bayer HealthCare Pharmaceuticals Inc. holds New Drug Application ("NDA") No. 215341 on KERENDIA®, which the FDA approved on July 9, 2021. The FDA also granted five years of regulatory exclusivity on KERENDIA® for a new chemical entity pursuant to 21 C.F.R. § 314.108, which regulatory exclusivity expires on July 9, 2026. Bayer markets and sells products that are the subject of NDA No. 215341 in the United States under the brand name KERENDIA®.

32.     KERENDIA® (finerenone) is a non-steroidal mineralocorticoid receptor antagonist (nsMRA) indicated to reduce the risk of: sustained estimated glomerular filtration rate (eGFR) decline, end stage kidney disease, cardiovascular death, non-fatal myocardial infarction, and hospitalization for heart failure in adult patients with chronic kidney disease (CKD) associated with type 2 diabetes (T2DM); and cardiovascular death, hospitalization for heart failure, and urgent heart failure visits in adult patients with heart failure with left ventricular ejection fraction (LVEF) $\geq 40\%$. A true and correct copy of the prescribing information for KERENDIA® is attached as Exhibit D.

33.    The prescribing information for KERENDIA® instructs that each KERENDIA® tablet contains "10 mg, 20 mg, or 40 mg of finerenone" which "is a white to yellow crystalline powder." Exhibit D at Section 11.

34.    Pursuant to 21 U.S.C. § 355(b)(1), the RE'826 Patent is listed in the FDA's publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (commonly referred to as the "Orange Book") as covering KERENDIA®.

35.    The RE'826 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 6, 2024, and is titled "Method for the preparation of (4S)-4-(4-cyano-2-methoxyphenyl)-5-ethoxy-2,8-dimethyl-1,4-dihydro-1-6-naphthyridine-3-carboxamide and the purification thereof for use as an active pharmaceutical ingredient." Exhibit A. The RE'826 patent will expire on July 29, 2035.

36.    RE'826 Patent is a reissue of U.S. Patent No. 10,336,749 ("'749 Patent"), originally issued on July 2, 2019, with the same title as the RE'826 Patent. The RE'826 Patent comprises claims 14-30; claims 1-13 of the original '749 Patent do not form a part of the RE'826 Patent.

37.    Bayer Pharma AG is the assignee of the RE'826 Patent.

38.    Bayer AG holds an exclusive license to the RE'826 Patent.

## DRL'S ANDA AND NOTICE LETTER

39.    On information and belief, DRL submitted its ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of DRL's ANDA Product as a purported generic version of KERENDIA® before the expiration of the RE'826 Patent.

40.    DRL Inc. sent Bayer a letter dated September 12, 2025 ("DRL's Paragraph IV Notice Letter") providing notice that DRL's ANDA contains a certification with respect to the RE'826 Patent under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"). Bayer HealthCare Pharmaceuticals Inc. received DRL's Paragraph IV Notice Letter on September 15, 2025.

41.    The Paragraph IV Certification represents that DRL Ltd. filed its ANDA seeking approval from the FDA to commercially manufacture, use, market, or sell its generic finerenone tablets, 10 mg and 20 mg, in the United States before the expiration of the RE'826 Patent.

42.    DRL's Paragraph IV Notice Letter purported to contain a "Detailed Factual And Legal Basis for DRL's Paragraph IV Certification that the U.S. Patent No. RE49,826 E Is Invalid, Unenforceable And/Or Will Not Be Infringed" ("Detailed Statement").

43.    DRL's purported Detailed Statement alleged that claims 14-30 of the RE'826 Patent are invalid as inherently anticipated, and that claims 14-30 of the RE'826 Patent will not be infringed by the commercial manufacture, use, or sale of DRL's ANDA Product. DRL's Paragraph IV Notice Letter did not allege any other claims of the RE'826 Patent are invalid.

44.    DRL's Paragraph IV Notice Letter purported to include an Offer of Confidential Access ("OCA") to certain DRL confidential information regarding DRL's ANDA Product. Plaintiffs requested that DRL revise its purported OCA on September 30, 2025.

45.    On information and belief, DRL Ltd., in collaboration with DRL Inc., has participated in the preparation and submission of DRL's ANDA, has provided material support to the preparation and submission of DRL's ANDA, and intends to support the further prosecution of DRL's ANDA.

–10–

46.     On information and belief, if the FDA approves DRL's ANDA, DRL will manufacture, offer for sale, or sell its ANDA Product within the United States, including within New Jersey, or will import its ANDA Product into the United States, including New Jersey.

47.     On information and belief, if the FDA approves DRL's ANDA, DRL will actively induce or contribute to the manufacture, use, offer for sale, or sale of its ANDA Product.

48.     Bayer is commencing this action within 45 days of the date of receipt of DRL's Paragraph IV Notice Letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF THE RE'826 PATENT

49.     The allegations of paragraphs 1-48 above are repeated and re-alleged as if set forth fully herein.

50.     On information and belief, DRL has submitted or caused the submission of DRL's ANDA to FDA, and continues to seek FDA approval of the DRL ANDA.

51.     DRL has infringed the RE'826 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL's ANDA with a Paragraph IV certification and seeking FDA approval of DRL's ANDA before the expiration of the RE'826 Patent.

52.     DRL Ltd. and DRL Inc. are jointly and severally liable for direct infringement of the RE'826 Patent under § 271(e)(2)(A) because, on information and belief, DRL Ltd. and DRL Inc. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL's ANDA and its accompanying Paragraph IV Certification directed to the RE'826 Patent to the FDA. On information and belief, DRL's ANDA seeks FDA approval to engage in the commercial manufacture, use or sale of a product claimed in the RE'826 Patent.

53. On information and belief, if DRL's ANDA is approved, DRL and its affiliates will immediately make, sell, offer for sale, or otherwise distribute DRL's ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the RE'826 Patent.

54. Unless enjoined by this Court, upon approval of ANDA No. 220694, DRL will make, use, offer to sell, or sell DRL's ANDA Product within the United States, or will import DRL's ANDA Product into the United States, and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the RE'826 Patent.

55. On information and belief, DRL has acted with full knowledge of the RE'826 Patent and without a reasonable basis for believing that the manufacture, use or sale of its generic product would not infringe and, likewise, lacks any reasonable basis for believing that its generic product is a staple article or commodity of commerce suitable for substantial non-infringing use.

56. DRL's Detailed Statement in DRL's Paragraph IV Notice Letter lacks sufficient basis to show that DRL's ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the RE'826 Patent.

57. Bayer will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the RE'826 Patent. Bayer does not have an adequate remedy at law, and considering the balance of hardships between Bayer and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

58. The submission of DRL's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of DRL's

ANDA Product before the expiration of the RE'826 Patent also entitles Bayer to fees under 35 U.S.C. § 271(e)(4) and § 285.

## SECOND CAUSE OF ACTION
## <u>DECLARATORY JUDGMENT OF INFRINGEMENT OF THE RE'826 PATENT</u>

59. The allegations of paragraphs 1-58 above are repeated and re-alleged as if set forth fully herein.

60. Bayer's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

61. On information and belief, if DRL's ANDA is approved, DRL and its affiliates will immediately make, sell, offer for sale, and/or import DRL's ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the RE'826 Patent under at least 35 U.S.C. §§ 271 (a). Additionally, on information and belief, health care professionals or patients who use DRL's ANDA product will directly infringe one or more claims of the RE'826 Patent under one or more of 35 U.S.C. §§ 271 (a), (f), and (g).

62. On information and belief, DRL knows and intends that health care professionals or patients will use DRL's ANDA Product in accordance with the labeling sought by DRL's ANDA and DRL will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the RE'826 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

63. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Bayer and DRL concerning liability for the infringement of the RE'826 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

64. Bayer will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the RE'826 Patent. Bayer does not have

an adequate remedy at law, and considering the balance of hardships between Bayer and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

65.     This case is exceptional, and Bayer is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Bayer requests that the Court grant the following relief:

A.     A judgment that DRL infringes the RE'826 Patent under 35 U.S.C. § 271(e)(2)(A);

B.     A declaratory judgment that DRL's manufacture, use, offer for sale, or sale of DRL's ANDA Product in the United States, or importation into the United States, will directly infringe one or more claims of the RE'826 Patent under 35 U.S.C. §§ 271(a), (f), and/or (g);

C.     A declaratory judgment that DRL's manufacture, use, offer for sale, or sale of DRL's ANDA Product in the United States, or importation into the United States, will induce and/or contribute to the infringement of one or more claims of the RE'826 Patent under 35 U.S.C. §§ 271 (b) and/or (c);

D.     A permanent injunction pursuant to 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining DRL, its affiliates and subsidiaries, and all persons or entities acting in concert with DRL from commercially manufacturing, using, offering for sale, selling, or importing any product that infringes the RE'826 Patent by the commercial manufacture, use, provision, offer for sale, or sale within the United States, and/or importation into the United States, including DRL's ANDA Product described in ANDA No. 220694;

–14–

E.        An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of DRL's ANDA No. 220694 be a date that is not earlier than the expiration date of the RE'826 Patent, or any later expiration of any patent term extension or exclusivity for the RE'826 Patent to which Bayer is or becomes entitled;

F.        A declaration under 28 U.S.C. § 2201 that if DRL, its officers, agents, servants, employees, licensees, representatives, and attorneys, and any other persons acting or attempting to act in active concert or participation with DRL or acting on its behalf, engages in the commercial manufacture, use, offer for sale, sale and/or importation of the product described in ANDA No. 220694, it will constitute an act of direct and/or indirect infringement of the RE'826 Patent;

G.        An award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C) to the extent DRL commercially manufactures, uses, provides, offers to sell, or sells within the United States, or imports into the United States any product that infringes or induces or contributes to the infringement of the RE'826 Patent within the United States before the expiration of the RE'826 Patent, including any later expiration of any patent term extension or exclusivity for the RE'826 Patent to which Bayer is or becomes entitled, and that any such monetary relief be awarded to Bayer with prejudgment interest;

H.        The entry of judgment declaring that DRL's acts render this case an exceptional case, and awarding Bayer its attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

I.        An award of Bayer's costs and expenses in this action; and

J.        Such other and further relief as the Court may deem just and proper.

DATED: October 24, 2025

OF COUNSEL:

Deborah Fishman (*pro hac vice* forthcoming)
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
deborah.fishman@arnoldporter.com

Jeremy Cobb (*pro hac vice* forthcoming)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

Abigail Struthers (*pro hac vice* forthcoming)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
abigail.struthers@arnoldporter.com

**MCCARTER & ENGLISH, LLP**

/s/ *Mark M. Makhail*
Mark M. Makhail
4 Gateway Center
100 Mulberry St.
Newark, NJ 07102
T: (973) 622-4444
mmakhail@mccarter.com

*Attorneys for Plaintiffs*
*Bayer HealthCare Pharmaceuticals Inc.*
*Bayer Pharma AG*
*Bayer AG*

–16–

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except as provided below.

United States Patent No. RE49,826 is the subject of proceedings before the United States District Court for the District of Delaware under the matter of Bayer HealthCare Pharmaceuticals Inc., et al. v. Aurobindo Pharma Ltd., et al., C.A. No. 25-1246-JLH (D. Del.) (filed Oct. 9, 2025). The Defendants in this matter are not involved in this case.

United States Patent No. RE49,826 is the subject of proceedings before the United States District Court for the District of Delaware under the matter of Bayer HealthCare Pharmaceuticals Inc., et al. v. Teva Pharmaceuticals, Inc., et al., C.A. No. 25-1247-JLH (D. Del.) (filed Oct. 9, 2025). The Defendants in this matter are not involved in this case.

United States Patent No. RE49,826 is the subject of proceedings before the United States District Court for the District of Delaware under the matter of Bayer HealthCare Pharmaceuticals Inc., et al. v. Zydus Lifesciences Limited, et al., C.A. No. 25-1260-JLH (D. Del.) (filed Oct. 15, 2025). The Defendants in this matter are not involved in this case.

United States Patent No. RE49,826 is the subject of proceedings before the United States District Court for the District of Delaware under the matter of Bayer HealthCare Pharmaceuticals Inc., et al. v. Apotex Inc., et al., C.A. No. 25-1262-JLH (D. Del.) (filed Oct. 15, 2025). The Defendants in this matter are not involved in this case.

United States Patent No. RE49,826 is the subject of proceedings before the United States District Court for the District of Delaware under the matter of Bayer HealthCare Pharmaceuticals

–17–

Inc., et al. v. Macleods Pharmaceuticals Ltd., et al., C.A. No. 25-1280-JLH (D. Del.) (filed Oct. 20, 2025).  The Defendants in this matter are not involved in this case.

United States Patent No. RE49,826  is the subject of proceedings before the United States District Court for the District of Delaware under the matter of Bayer HealthCare Pharmaceuticals Inc., et al. v. MSN Pharmaceuticals Inc., et al., C.A. No. 25-1281-JLH (D. Del.) (filed Oct. 20, 2025).  The Defendants in this matter are not involved in this case.

United States Patent No. RE49,826  is the subject of proceedings before the United States District Court for the District of Delaware under the matter of Bayer HealthCare Pharmaceuticals Inc., et al. v. SABA Ilac Sanayi ve Ticaret A. S., C.A. No. 25-1282-JLH (D. Del.) (filed Oct. 20, 2025).  The Defendants in this matter are not involved in this case.

United States Patent No. RE49,826  is the subject of proceedings before the United States District Court for the District of Delaware under the matter of Bayer HealthCare Pharmaceuticals Inc., et al. v. ScieGen Pharmaceuticals, Inc., C.A. No. 25-1283-JLH (D. Del.) (filed Oct. 20, 2025). The Defendants in this matter are not involved in this case.

United States Patent No. RE49,826  is the subject of proceedings before the United States District Court for the District of Delaware under the matter of Bayer HealthCare Pharmaceuticals Inc., et al. v. Dr. Reddy's Laboratories, Ltd., et al., C.A. No. 25-1299  (D. Del.) (filed Oct. 23, 2025).  The Defendants in this matter are involved in this case.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 24, 2025                                         /s/ *Mark M. Makhail*
                                                               Mark M. Makhail